SAROKIN, Circuit Judge,
concurring in the judgment.
I concur with the majority’s judgment to affirm. I write separately, however, because *351 I disagree with the majority’s analysis regarding the definition of a “known” creditor entitled to actual notice under the law. The majority rejects the “reasonably foreseeable” test in favor of the “reasonably ascertainable” test. I believe that both are applicable.
I.
The “reasonably foreseeable” test determines which persons are entitled to receive notice. The “reasonably ascertainable” test determines the type of notice these persons are entitled to receive. All reasonably foreseeable claimants are entitled to receive some form of notice. Those who are reasonably ascertainable are entitled to actual notice. Those who are not are entitled to constructive notice — usually some form of publication reasonably calculated to reach them.
The bankruptcy court adopted the following standard to evaluate who qualifies as a known creditor in a bankruptcy proceeding:
[I]f at the time of the filing it is reasonably foreseeable to a debtor, who is or should be aware of the potential consequences of its actions, that a party that is foreseeable will most likely file a claim against the debtor, that party is a “known” creditor of the debtor. Furthermore, the fact that a debtor does not know the name and address of a creditor does not prevent that creditor from being “known.”
In re Allegheny International, Inc., No. 88-00448, typescript at 5-6 (Bankr.W.D.Pa. July 14, 1993). The court’s standard would entitle a party whose claim was “reasonably foreseeable” to actual notice irrespective of whether or not that party’s name and address was readily ascertainable. That result is not only illogical; it is contrary to Supreme Court jurisprudence. Tulsa Professional Collection Serv., Inc. v. Pope, 485 U.S. 478, 490, 108 S.Ct. 1340, 1347-48, 99 L.Ed.2d 565 (1988).
I do not believe, however, that in restoring the “ascertainable” test to its proper place, as the majority does, we need go so far as to discard the “reasonably foreseeable” standard entirely. These tests are not mutually exclusive, or even at odds. They address separate issues. The “reasonably foreseeable” test has to do with whether the debtor knew or should have known that a claim would be brought; the “reasonably ascertainable” test has to do with the debtor’s ability to learn the identity and location .of the potential claimant or claimants.
The manufacturer of a product which it knows to be defective and who filed for bankruptcy should be under an obligation to give actual notice of the proceedings to known purchasers and users of its products, even if they have made no claim. They may not have done so because the injury had not yet manifested itself or they otherwise were unaware of the risks of such injury. Absent such requirement, if the harmful effects of the product did not manifest themselves for some period of time, consumers could be barred from relief for their injuries.
A rule whereby individuals whose claims are reasonably foreseeable are deemed “known” creditors if their identity and location is reasonably ascertainable would go a long way toward addressing these interests. Under such a rule, the following two steps would be required as a prerequisite to mandating actual notice to the tort claimants. First, the claims must be reasonably foreseeable. If they are reasonably foreseeable, then actual notice must be given to those claimants who are reasonably ascertainable. If there is a class or category of foreseeable claimants whose identity and/or location cannot be reasonably ascertained, then they are not “known creditors” entitled to actual notice (although they should receive substituted notice through reasonable means most likely to reach them). Such a result strikes the proper balance between the various purposes of bankruptcy law, which is concerned not merely with affording a fresh start to those who warrant it, but also with protecting the interests of creditors and claimants who may be adversely affected by the bankruptcy proceeding.
This result is clearly supported by the ease law. The Mullane court was careful to limit its holding to the facts of that case, noting that “certain notice” was unnecessary for “beneficiaries whose interests are either conjectural or future ... in view of the character of the proceedings and the nature of the *352 interests here involved. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 317, 70 S.Ct. 662, 659, 94 L.Ed. 865 (1950) (emphasis added). Furthermore, a claimant’s interests are not “conjectural or future” simply because a lawsuit has not been filed yet. These interests exist from the time of the tortious act, not just from the time the claimant seeks to vindicate them in court.[1]
II.
Under this rule, I would find that it was not reasonably foreseeable that plaintiffs would file claims against Chemetron. As the district court noted in its opinion, throughout the early 1980s both the Nuclear Regulatory Commission and the Environmental Protection Agency time and again reassured both Chemetron and local residents that the radiations from the Bert Avenue site presented no serious safety or health risk to the surrounding neighborhood. In re Allegheny Intern., Inc., 170 B.R. 83, 89 (W.D.Pa.1994). Therefore, “[i]f Chemetron gave any thought to the subject, it was reasonable to assume that claims would not be filed because of the assurances of these agencies that the Bert Avenue Site posed no health risk to the neighborhood.” Id. Therefore, “there was no reason for Chemetron to assume in 1988 that there would be claims from residents for ailments caused by exposure to the contamination from the Sites. At most, any future claim was speculative.” Id. Under the facts of this case, I entirely agree with the district court’s conclusion that “Appellees were not foreseeable claimants and, accordingly, were unknown creditors.” Id. Since the claims were not foreseeable there is no reason to address whether the claimants were reasonably ascertainable.
III.
For the reasons stated above, I concur with the majority’s judgment, though not with its reasoning in this one respect.

. The majority cites Trump Taj Mahal Assocs. v. O’Hara (In re Trump Taj Mahal Assocs.), 1993 WL 534494 (D.N.J. Dec. 13, 1993), for the proposition that "those creditors who hold only conceivable, conjectural, or speculative claims” are unknown. See Majority Opinion, at 346. Trump Taj Mahal is a memorandum opinion by a district court, not reported in the relevant Reporter. As a district court opinion, it is not binding upon us. As an unreported memorandum opinion, it has no precedential value.
The Supreme Court, in Tulsa Professional Collection Serv., Inc. v. Pope, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988) held that "it is reasonable to dispense with actual notice to those with mere 'conjectural' claims.” Id. at 490, 108 S.Ct. at 1347 (emphasis added). The Random House College Dictionary describes "conjectural” as "of the nature of or involving conjecture; problematical.” Insofar as "problematical” suggests that the event is more likely than not not to occur, a claim that is "reasonably foreseeable” is not "problematical.”